**WO**

MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Melvin H. Robinson,

Plaintiff,

v.

State of Arizona, et al.,

Defendants.

No.   CV-23-08050-PCT-MTL (JFM)

**ORDER**

On March 10, 2023, Plaintiff Melvin H. Robinson, Jr., filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed In District Court Without Prepaying Fees and Costs.  In an April 7, 2023 Order, the Court denied the Application to Proceed with leave to refile.  Plaintiff subsequently filed a First Amended Complaint, a second Application to Proceed In District Court Without Prepaying Fees and Costs, and a Letter requesting, in part, that correspondence be sent "by mail, with a 30 day response time."  In a May 31, 2023 Order, the Court granted the Application, denied the Letter, and dismissed the First Amended Complaint with leave to amend.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On June 29, 2023, Plaintiff filed a Second Amended Complaint (Doc. 16).[1]  On July

---

[1] It appears that Plaintiff is again trying to assert claims on behalf of his son. As the Court explained previously, Plaintiff cannot appear in this action on behalf of his son, because he is not an attorney licensed to practice in Arizona.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-lawyer may appear on his own behalf but "has no authority to appear as an attorney for others than himself");

JDDL

31, 2023, he filed a Motion for Default Judgment (Doc. 17).  The Court will deny the Motion and dismiss the Second Amended Complaint with leave to amend.

## I.       Motion for Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the entry of default judgment is appropriate when a defendant "has failed to plead or otherwise defend" and that failure has been shown "by affidavit or otherwise."   Fed. R. Civ. P. 55.  Defendants have not been served with any pleading in this action.  Therefore, they have not "failed to plead or otherwise defend," and Plaintiff's Motion for Default Judgment will be denied.

## II.      Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

*Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  If Plaintiff's son wishes to appear on his own behalf in this action, he must pay the filing and administrative fees or seek leave to proceed in forma pauperis.

1   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

2   allegations may be consistent with a constitutional claim, a court must assess whether there

3   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

4          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

5   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

6   (9th Cir. 2010).  A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent

7   standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

8   U.S. 89, 94 (2007) (per curiam)).

9          If the Court determines that a pleading can be cured by alleging other facts, a pro se

10   litigant is entitled to an opportunity to amend a complaint before dismissal of the action.

11   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's Second

12   Amended Complaint will be dismissed for failure to state a claim, but because it may

13   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

14   **III.    Second Amended Complaint**

15          In his Second Amended Complaint, Plaintiff appears to assert claims for false arrest,

16   excessive force, and unlawful search and seizure of his automobile, as well as a claim for

17   a violation of his right to interstate travel and a claim under the Americans with Disabilities

18   Act.[2]  In addition, Plaintiff asserts a claim under 42 U.S.C. §1985(3).  Plaintiff names as

19   Defendants the State of Arizona, the Arizona Department of Public Safety ("DPS"), and

20   Highway Patrol Trooper C. Plumb.

21          Plaintiff claims that on June 20, 2022, Defendant Plumb stopped him for a "speeding

22   or changing lanes violation" while he was driving on Interstate 40 with his 24-year-old son.

23   "The officer"—presumably, Defendant Plumb—"broke out" the window of Plaintiff's

24   vehicle and Plaintiff was "sna[t]ched out of [his] auto by K-9 officers and dogs."  (Doc. 16

25   ─────────────────

26          [2] Plaintiff also refers to the Second, Eighth, Ninth, and Tenth Amendments, but he
does not explain how his rights were violated.  To the extent Plaintiff cites 18 U.S.C. §§
27   241, 242, 2071, and 2382, these provisions are criminal statutes that do not provide a basis
for civil liability.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (discussing 18
28   U.S.C. §§ 241 and 242); *Curry v. GMAC Mortg.*, No. CV 19-08014 MMM (PLAx), 2010
WL 4553503, at *2 (C.D. Cal. Nov. 3, 2010) (18 U.S.C. § 2071); *McKoby v. Biden*, No.
C22-1461JLR, 2022 WL 11777168, at *2 (W.D. Wash. Oct. 20, 2022) (18 U.S.C. § 2382).

at 4.)³  Plaintiff was "dragged through broken glass," and assaulted.  (*Id.*)  He was then transported to a separate location, where officers assaulted him again.  The officers first asked if Plaintiff wanted "the easy way or hard way," to which he responded, "[]No[] no no I do not consent."  (*Id.*)  A pillowcase was placed over Plaintiff's head so he could not see, and he was strapped to a chair, where he remained as "they" held him down and injected him with something.  (*Id.*)  Two officers told Plaintiff they were collecting blood samples, but "no warrant was ever show[n] for the right to draw body fluids."  (*Id.*)  Plaintiff screamed for help, but the officers laughed and told him, "no one can hear you in here."  (*Id.*)   According to Plaintiff, he and his son were then transported to jail, where they remained for approximately four days.  Plaintiff was not given a free telephone call, and, upon release, he was told that he could not leave the state until his court date.  Plaintiff's vehicle was also searched without his consent and impounded.

As a result, Plaintiff allegedly suffered cuts, bruises, and a fractured hand and thumb.  Plaintiff is seeking damages and injunctive relief.

**IV.    ADA**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state an ADA claim, a plaintiff must demonstrate that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting *McGary*

---

³ The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

*v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)) (alteration in *McGary*), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

A plaintiff must allege facts to support that he has an impairment that substantially limits one or more of his "major life activities."  42 U.S.C. § 12102(1)(A).  "Major life activities" include "functions such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working[.]"  29 C.F.R. § 1630.2(i).  A "public entity" is defined in part as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."  42 U.S.C. § 12131.  Thus, an ADA claim must be asserted against a public entity or an employee of a public entity in her official capacity.  *See Walsh v. Nev. Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("individual defendants cannot be held personally liable for violations of the ADA"); *see also Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187 (9th Cir. 2003) (a public official can be sued in his official capacity for violations of Title II).

Plaintiff's allegations are insufficient to state a claim under the ADA because he does not allege facts to support that he has a disability.  As a result, the Court cannot reasonably infer that Plaintiff qualifies for protection under the ADA.  *See Leibel v. City of Buckeye*, 364 F. Supp. 3d 1027, 1041 (D. Ariz. 2019) ("When a party alleges disability under the ADA, 'courts have generally required the party to plead the disability with some factual specificity.'" (quoting *Bresaz v. Cty. of Santa Clara*, 136 F. Supp. 3d 1125, 1135–36 (N.D. Cal. 2015))), *aff'd sub nom. C.L. by & through Leibel v. Grossman*, 798 F. App'x 1015 (9th Cir. 2020).  Plaintiff has also failed to allege how and when he was discriminated against by a public entity on the basis of that disability.  Accordingly, Plaintiff has failed to state a claim under the ADA.

**V.   Section 1983**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

(4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). A plaintiff must allege that he suffered a specific injury resulting from the conduct of a particular defendant and he must allege an affirmative link between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A.   Defendants State of Arizona and DPS

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). "Likewise 'arms of the State' . . . are not 'persons' under section 1983." *Id.* Accordingly, the State of Arizona and DPS may not be sued under § 1983. *See Bryant v. Ariz. Dep't of Pub. Safety*, No. CV-23-00312-PHX-JAT-CDB, 2023 WL 2601193, at *2 (D. Ariz. Mar. 22, 2023) ("This limitation on [the definition of 'person' under] § 1983 also extends to 'arms of the State,' such as DPS . . . ."). These Defendants will therefore be dismissed.

### B.   Defendant Plumb

#### 1.   False Arrest

In order to state a § 1983 claim for false arrest, Plaintiff must show that he was arrested without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had

knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Following a warrantless arrest, a judicial determination of probable cause is required "as a prerequisite to extended restraint on liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). A probable cause determination under *Gerstein* must be made by a neutral magistrate, but an adversarial hearing is not required. *Id*. Alternatively, a grand jury indictment may be sufficient to establish the existence of probable cause for a warrantless arrest. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

With regard to investigatory stops, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion, not probable cause. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "While reasonable suspicion requires 'considerably less than proof of wrongdoing by a preponderance of the evidence,' an officer must be able to articulate facts creating grounds to suspect that criminal activity 'may be afoot.'" *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). The reasonable suspicion standard has been defined as "a particularized and objective basis for suspecting the particular person stopped of criminal

1  activity." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc)

2  (quoting *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013)). "Although

3  a . . . mere hunch is insufficient to justify a stop, the likelihood of criminal activity need

4  not rise to the level required for probable cause, and it falls considerably short of satisfying

5  a preponderance of the evidence standard." *Id*. (quoting *Arvizu*, 534 U.S. at 274) (alteration

6  in original).

7      Plaintiff says that he was stopped for either speeding or a lane-change violation. His

8  complaint allegations are insufficient to show that Defendant Plumb lacked a reasonable

9  suspicion to believe that either offense had been committed. Plaintiff does not allege, for

10  example, that he was not speeding and had not changed lanes improperly. Accordingly,

11  Plaintiff has failed to state a constitutional claim against Plumb for stopping him.

12      While Plaintiff also appears to contend that this traffic stop was unnecessarily

13  prolonged and that he was thereafter arrested without probable cause, he has not alleged

14  sufficient facts to support this conclusion. First, there are significant gaps in Plaintiff's

15  account of his arrest, and the Court cannot reasonably infer from the allegations presented

16  that probable cause was lacking, especially without any indication of the crime(s) with

17  which Plaintiff was charged or the reasons given (if any) for his arrest. In addition, Plaintiff

18  has failed to name the officers who arrested him as Defendants. If Plaintiff files a third

19  amended complaint, he should (1) name as Defendants the officers who allegedly arrested

20  him,[4] (2) state, in specific terms, what each officer did and/or said to him leading up to his

21  arrest, (3) describe in detail what he did and/or said in response, and (4) identify the

22  crime(s) for which he was arrested.

23          **2.    Excessive Force**

24      The use of excessive force by police officers in the course of an arrest can violate

25  an arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by*

26  _____

27      [4] If Plaintiff does not know the name of these individuals, he may name them as
28  Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of his amended
    complaint **and**, in the body of the amended complaint, allege facts to support how each
    particular Doe Defendant violated his rights.

*White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).  When employed against a pretrial detainee, excessive force that amounts to punishment constitutes a violation of the Fourteenth Amendment's Due Process Clause.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002).  In both cases, an excessive force determination turns on whether the officers' actions were "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their mental state.  *Kingsley*, 576 U.S. at 397-98 (discussing *Graham*).

When determining objective reasonableness, the nature and quality of the intrusion must be balanced against the countervailing governmental interests at stake.  *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.  Because officers are often forced to make split-second decisions in rapidly evolving situations, the reasonableness of a particular use of force must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 2473-74 (citing *Graham*, 490 U.S. at 396).

While Plaintiff alleges that Defendant Plumb broke out his window, it does not appear that Plumb had any involvement in the ensuing uses of force against Plaintiff.  Accordingly, Plaintiff has failed to state a claim against Plumb for excessive force.  In any event, as noted above, Plaintiff's account of events is too incomplete to state a claim for excessive force.  Many of the events leading up to his arrest and detention appear to have

been omitted, and without more information concerning what each individual officer did and/or said and what Plaintiff did and/or said in response, the Court cannot reasonably infer that the force described in the Second Amended Complaint was excessive.

### 3. Illegal Search

Plaintiff should be aware that "[w]hile the Fourth Amendment generally prohibits searches without a warrant, the warrant requirement is subject to some well-established exceptions." *United States v. Smith*, 389 F.3d 944, 950-51 (9th Cir. 2004) (citing *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999); *Morgan v. United States*, 323 F.3d 776, 781 (9th Cir. 2003)). These include inventory searches designed to protect vehicles and their contents while in police custody, *Colorado v. Bertine*, 479 U.S. 367, 372 (1987), searches incident to arrest, *Chimel v. California*, 395 U.S. 752, 762-63 (1969), searches of automobiles that officers have probable cause to believe contain contraband, *United States v. Ross*, 456 U.S. 798, 806–09 (1982), and searches revealing evidence that inevitably would have been discovered by lawful means, *Nix v. Williams*, 467 U.S. 431, 443–444 (1984); *see also United States v. Ruckes*, 586 F.3d 713, 718–19 (9th Cir. 2009) (applying "inevitable discovery" exception to search of a vehicle that would have been inventoried after impoundment).

With regard to blood samples, the Fourth Amendment generally requires a warrant to conduct a blood draw. *Birchfield v. North Dakota*, 579 U.S. 438, 474-78 (2016). However, exigent circumstances may justify an exception to the warrant requirement. *See Mitchell v. Wisconsin*, — U.S. —, 139 S. Ct. 2525, 2531 (2019) (warrantless blood draw of motorist may be constitutional where exigent circumstances exist, such as a motorist's unconsciousness); *Schmerber v. California*, 384 U.S. 757, 771 (1966) (holding that a nonconsensual, warrantless blood draw was reasonable due to the presence of "special facts" that created an emergency).

Plaintiff does not allege that Defendant Plumb had any involvement in the search of Plaintiff's vehicle. Moreover, while Plaintiff alleges that he did not consent to the search of his vehicle, it appears that the search of Plaintiff's vehicle may have been authorized

pursuant to an exception to the warrant requirement.  *See, e.g., Bertine*, 479 U.S. at 372; *Ruckes*, 586 F.3d at 718–19.  Likewise, there are no allegations to suggest that Defendant Plumb participated in the collection of a blood sample.  Moreover, while Plaintiff claims that no warrant "was shown," he does not state that he asked to see a warrant, and it is not clear that one had not been issued.  Accordingly, Plaintiff has failed to state a claim against Plumb for searching him illegally.

### 4.      Right to Travel

Finally, Plaintiff's allegations are insufficient to show that Defendant Plumb violated his right to travel.  Although Plaintiff claims that Defendant Plumb effectuated a traffic stop, there are no allegations to suggest that Plumb was involved in Plaintiff's later detention.  And even if there were, Plaintiff's allegations are not adequate to show that the arresting officers lacked probable cause to arrest him.  As such, Plaintiff has failed to state a claim based on the right to travel.  *Jones v. Helms*, 452 U.S. 412, 419 (1981) (stating that the right to travel is not unlawfully restrained where an individual is detained temporarily and there is probable cause to believe that he committed a crime).

## VI.    Section 1985

To state a claim under 42 U.S.C. § 1985(3) for a conspiracy to deprive an individual of rights or privileges, a complaint must allege that defendants (1) conspired or went on disguise on the highway or on the premises of another, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, there must be some "racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* To make the requisite showing of class-based animus "the

plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985). "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 382 (1979). If a plaintiff has not stated a § 1983 claim, he cannot state a claim under § 1985. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 524 (9th Cir. 1994).

Plaintiff has not alleged that he is a member of a protected class, nor has he alleged any facts to support the existence of a conspiracy. In any event, his failure to state a claim under § 1983 forecloses any claim under § 1985(3). Accordingly, Plaintiff's claim under § 1985(3) will be dismissed.

**VII.   Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference. Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or prior Amended Complaints and that was voluntarily dismissed or was dismissed without

prejudice is waived if it is not alleged in a  third amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VIII.   Warnings**

       **A.**     **Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

       **B.**     **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Default Judgment (Doc. 17) is **denied**.

(2)     The Second Amended Complaint (Doc. 16) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 30th day of August 2023.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

Phoenix & Prescott Divisions:  **OR**  Tucson Division:
U.S. District Court Clerk    U.S. District Court Clerk
U.S. Courthouse, Suite 130    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10   405 West Congress Street
Phoenix, Arizona   85003-2119   Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
      A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name:   _____
        Address:_____
                        Attorney for Defendant(s)

        _____
        (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　(Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
　　　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　(Institution)

3.   Name of third Defendant: _____.  The third  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　(Institution)

4.   Name of fourth Defendant: _____.  The fourth  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?　　☐ Yes　　☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

　　a.  First prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number:　_____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　_____.

　　b.  Second prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number:　_____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　_____.

　　c.  Third prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number:　_____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　_____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail       ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail                    ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                               ☐ Yes      ☐ No
   b. Did you submit a request for administrative relief on Count II?              ☐ Yes      ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____

_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    - ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    - ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    - ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                          DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6